9956

LINDER v. SEABOARD AIR LINE RY.

(96 S. E. 191.)

1. Master and Servant—Negligence—Pleading—Question for Jury.— Allegations by railroad employee engaged in tightening loose spikes, that the spikes were old and rusty, and could not stand under heavy blows, that the heads frequently flew off, that the defendant's serv-

ant knew so much, and that defendant's servant nevertheless commanded plaintiff to drive the spikes, were sufficient to take the question of negligence to the jury, if supported by testimony, although "negligence" was not alleged in words.

2. MASTER AND SERVANT—RAILWAY EMPLOYEE INJURY—EVIDENCE.—In a railway employee's action for injuries sustained while tightening loose spikes in compliance with commands, plaintiff's evidence held not to warrant an inference of defendant's negligence.

Before SMITH, J., Richland, Summer term, 1917. Affirmed.

Action by J. L. Linder against the Seaboard Air Line Railway. Judgment for defendant, and plaintiff appeals.

The portion of the complaint referred to in the opinion is as follows:

Second. That on or about August 4, 1913, this plaintiff was in the employment of this defendant, working upon its roadbed between Blaney and Jacob's, two stations along defendant's line of railway, between Columbia and Camden. That plaintiff, acting under instructions of defendant, its agents and servants, was driving spikes by the iron rails in order to hold them securely fastened to the wooden crossties, using a large spiking or sledge hammer.

Third. That the iron spikes furnished this plaintiff by the defendant were old and rusty, having been previously used and were dangerous, in that they could not stand the heavy strokes necessary to sufficiently drive them into the hard wooden crossties, and frequently the heads of said iron spikes would fly off when struck because of the old and rusty condition. That defendant's attention had been called to the unsafe and dangerous condition of the spikes and the danger attendant upon using them in that capacity, but, in the face of this notice and warning and in violation of the

safety of this plaintiff, the defendant, illegally and unlawfully, wilfully and wantonly, and in total disregard of this plaintiff's safetly, commanded and requested this plaintiff to use said old and rusty spikes.

Fourth. Alleged, in substance, that while carrying out the instructions of the defendant, that one of the spike heads flew off, and split the bone of one of his legs, and damaged him in the sum of $3,000.

The answer of the defendant was: First, a general denial; and, second, that plaintiff was working in interstate commerce, that the danger of a spike head flying off was open and obvious, and that the plaintiff voluntarily undertook the work, and assumed the risk.

The testimony of the plaintiff was as follows:

Plaintiff had been employed as a laborer with the section gang about one month, and had been hardening spikes for two days when a spike head flew off and struck him on the leg. That he asked the foreman or section master if there was any danger of the spikes' head flying off, but that the section master made no reply. That plaintiff thought as the section man was experienced in such work, and plaintiff was not experienced, that he might proceed with the work in safety. That he did not know that the work was dangerous. That if he had known it was dangerous, he would have refused to do the work. That a spike head flew off and hit him on the leg, and inflicted serious injuries on him.

*Messrs. J. Hughes Cooper* and *Graydon & Graydon,* for appellant. *Messrs. Graydon & Graydon* submit: *The case comes squarely under the Federal Employers' Liability Act:* U. S. Adv. Ops. 1916, p. 546; 238 U. S. 507; 59 L. Ed. 1433; 35 Sup. Ct. 200; 232 U. S. 248; 58 L. Ed. 591; 34

Supreme Ct. Rep. 305; 239 U. S. 199; 60 L. Ed. 226; 241 U. S. 181; 60 L. Ed. 943; 241 U. S. —; 60 L. Ed. 1125; 101 S. C. 86; 236 U. S. 454; 35 Sup. Ct. Rep. 306; 81 S. C. 522.

*Messrs. Lyles & Lyles,* for respondent (oral argument).

April 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort to the person; verdict for the defendant; appeal by the plaintiff.   The circumstances of the transaction are set out in the second, third and fourth paragraphs of the complaint, which ought to be reported.   The answer is a general denial, and a plea that the plaintiff was working in interstate commerce, and that the danger of a spike head flying off was obvious, and that the plaintiff assumed that risk.   When the pleadings had been read both sides admitted that the case was one under the act of Congress (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, secs. 8657-8665]) regulating the liability of employers to workmen.   But the Court ruled the contrary, and submitted the case to the jury under the laws of the State, and the Court further ruled that the complaint alleged only a wilful act, and not a negligent act.   At the conclusion of the testimony the defendant moved for a directed verdict: (1) Because there was no evidence of negligence; (2) because the only inference to be drawn from the testimony is that the plaintiff assumed the risks.   The motion was refused.

After the verdict for the defendant, there was a motion by the plaintiff for a new trial, because under the act of Congress the complaint sufficiently alleged negligence, and that

issue should have been sent to the jury. The Court held upon this motion: (1) That the complaint alleged only a wilful tort; (2) that for such conduct (contrary to the Court's first impression) the defendant was not liable under the act of Congress; (3) that therefore the Court ought to have directed a verdict for the defendant; (4) that even though the complaint alleged negligence, yet the plaintiff had assumed the risks incident to the employment, and for that reason also the Court ought to have directed a verdict for the defendant. The Court held finally that upon any view of the case the plaintiff had not been prejudiced, and refused the new trial.

There are eight exceptions, but the brief of the appellant's counsel argues only two questions: (1) That under the act of Congress negligence was sufficiently alleged; (2) that whether the plaintiff did assume the risk of a flying spike head was a question of law and fact, and ought to have been submitted to the jury under proper instructions.

It is true that the complaint does not in words allege that the conduct of the defendant's servant was "negligent." But negligence is an inference to be drawn from circumstances alleged or proven. If the circumstances be set out from which the inference of negligence is made, then manifestly the pleader need not denominate these circumstances as negligent; the law does that. For instance, if a pleader should allege that a man drove his horse and vehicle through a crowded street at the rate of 12 miles an hour, and knocked down and injured a bystander there, it would not be necessary to denominate that act as negligent; the law does that. So in the case at bar; the complaint alleged that the spikes were old and rusty, and could not stand under heavy blows; that the heads of the spikes frequently flew off; that the defend-

ant's servant knew so much; that the defendant's servant nevertheless commanded and requested the plaintiff to drive those spikes.

And the plaintiff testified that he did not know that the work was dangerous. These circumstances alleged if testified to were sufficient to send the case to the jury to inquire if negligence was reasonably inferable. But when the witnesses were sworn the defendant asked, amongst other things, that a verdict be directed for it, because there was no testimony tending to prove negligence. The Court declined that, and did not submit to the jury the issue of negligence, but submitted only the issue of wilfulness. And the defendant now asks us in the brief to sustain the verdict upon one of the grounds for which a directed verdict was asked and refused, to wit, that here was no evidence tending to prove negligence. The record does not show that any testimony was excluded; that which is printed does not tend to at all show that the spikes were defective in any particular. Let the testimony for the plaintiff be reported; it is very short.

Manifestly, regardless of the pleading now found to be sufficient, the testimony does not warrant a reasonable inference that the defendant's servant was negligent; and the case on this determinative issue must be judged by the testimony and against the plaintiff. On this view the second issue made by the appeal, that of the assumption of risk, becomes irrelevant.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY did not sit.